## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**EDDIE DUBOSE,**                            *

Plaintiff,                                   *

v.                                           *          Civ. No. 23-1192 PJM

**TD BANK, N.A.,**
                                             *
Defendant.

*** 

### MEMORANDUM OPINION

Pro se Plaintiff Eddie Dubose has sued Defendant TD Bank, N.A. ("TD Bank") for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a and 1681b, and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601(k) and (l). From what the Court can ascertain from Dubose's Complaint, he claims that TD Bank, with whom he opened a credit card in 2016, failed to remove certain payment history and credit utilization information from his "consumer report" after he requested that it be excluded, a right he says he has under the FCRA. ECF No. 2. He seeks "$1,000 per violation per month from" January 2018, apparently totaling $30,000 in statutory damages. *Id.*

TD Bank removed the case from the District Court for Prince George's County, Maryland to this Court, then filed a Motion to Dismiss for failure to state a claim. ECF No. 7. Dubose opposes. ECF No. 10.

Under Rule 12(b)(6), the Court may dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In the case of pro se litigants (like Dubose), courts generally accord liberal construction to their pleadings, but they cannot ignore a clear failure to allege a cognizable claim. *See Erickson v. Pardu*s, 551 U.S. 89, 94 (2007); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

\*       \*       \*

TD Bank's Motion to Dismiss (ECF No. 7) is **GRANTED** for failure to state a claim.

With respect to the FCRA, Dubose's Complaint is premised on his belief that TD Bank is obligated, upon request, to remove certain information from his "consumer report." But the FCRA, 15 U.S.C. § 1681a(d)(1), defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency"—which TD Bank is not. As the Court understands the "consumer report" process, a creditor like TD Bank can send certain information based on its experience with a customer to "consumer reporting agencies" like Equifax, TransUnion, or Experian, and those agencies generate the "consumer report." Therefore, the FCRA therefore does not entitle Dubose to ask a creditor like TD Bank not to pass on certain information.[1]  To the extent he may or may not have a right to request the exclusion of certain information from his "consumer report," that request must be directed to the appropriate consumer reporting agency.[2]

---

[1] As TD Bank points out, the FCRA provisions under which Dubose has filed suit are definitional and do not actually create a cause of action, *e.g.*, *Young v. Experian Info. Sols., Inc.*, 2022 WL 16540838, at \*4 (D. Md. Oct. 22, 2022), but the Court is obligated to read his Complaint generously because he is pro se.

[2] Other courts have reached similar conclusions. *E.g.*, *Amezcua v. Pentagon Fed. Credit Union*, 2022 WL 18142543, at \*7 (C.D. Cal. May 3, 2022).

Dubose also has not alleged why TD Bank's reporting of information to a consumer reporting agency implicates the TILA, whose purpose is to protect consumers from unfair and predatory lending practices. Therefore, he has also failed to state a claim under the TILA.

\*       \*       \*

Accordingly, the Court **ORDERS** that:

1.       TD Bank's Motion to Dismiss (ECF No. 7) is **GRANTED**;

2.       The Complaint is **DISMISSED**; and

3.       The Clerk **SHALL CLOSE** this case.

A separate Order will ISSUE.

June ___7___, 2023

PETER J. MESSITTE
United States District Judge

3